IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIYAN JOSUE HERNANDEZ-TORRES,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, in his official Capacity as Secretary of the Department Of Homeland Security; TODD BLANCHE, In his official capacity as United States Attorney General; DAREN MARGOLIN, In his official capacity as Director of Executive Office for Immigration Review; TODD LYONS, in his official capacity as Director of Immigration and Customs Enforcement; ROB JEFFREYS, Director Of Nebraska Department of Correctional Services; and PETER BERG, in his official capacity as St. Paul ERO Field Office Director;<br><br>Respondents. | 8:26CV214<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Briyan Josue Hernandez-Torres's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held without bond. Respondents argue Petitioner is subject to mandatory detention. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I.    BACKGROUND

Petitioner is a native and citizen of Honduras. Filing No. 1 at 3. On September 2, 2014, while still a minor, Petitioner entered the United States with his mother and was apprehended by immigration officials the same day. Filing No. 1 at 4. He was released by ICE on an order of recognizance under 8 U.S.C. § 1226 and given a notice to appear

1

in immigration court.  Filing No. 1 at 4; Filing No. 1-2.  However, the NTA did not contain a date or time, and Petitioner never received further notice of a hearing and was ordered removed in absentia.  Filing No. 1 at 4; Filing No. 7-1 at 1; Filing No. 7-1 at 3.  Petitioner was unaware of the removal order until he was arrested by ICE in February 2026.  Filing No. 1 at 4.  Petitioner moved to reopen his removal proceedings based on the lack of notice, and the immigration court granted this request on March 6, 2026.  Filing No. 1 at 4.  Accordingly, Petitioner's removal case remains pending.  Now, however, Respondents contend he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  Petitioner requested a bond hearing in immigration court, but the immigration judge concluded she did not have jurisdiction to consider Petitioner for a bond.  Filing No. 1 at 4–5.

Petitioner filed the present case seeking release or a bond hearing.  Filing No. 1 at 12.

## II.    STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  This includes immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude

2

that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. When Petitioner was detained and released on his own recognizance in 2014, the government invoked 8 U.S.C. § 1226. Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2) rather than § 1226. But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which,

3

here, is 8 U.S.C. § 1226.  *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time.  Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).  Here, the government made such a determination and released Petitioner on his own recognizance.  Accordingly, absent a valid reason to redetermine Petitioner's bond (which Respondents have not advanced), the order releasing him on his own recognizance remains operative.

Furthermore, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026).  Accordingly,

IT IS ORDERED:

1.  Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2.  Petitioner's Motion for Order to Show Cause, Filing No. 2, is granted per Filing No. 4.

4

3.  Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order on his own recognizance as previously ordered and without additional conditions.

4.  Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

5.  Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on May 26, 2026.**

Dated this 21st day of May, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge